## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Streightiff

v.

Simpson

October 9, 1984

Case No. (Law) 9054

By JUDGE DONALD M. HADDOCK

[This is] the Court's determination as to whether or not the plaintiff in this matter is barred from proceeding at law by virtue of his having been awarded and having received workers' compensation pursuant to a final decision of the Industrial Commission (June 10, 1983, and October 27, 1983). The parties have stipulated on oral argument that this issue is to be determined by the Court regardless of whether the demurrer and/or Motion to Dismiss filed herein was the proper method of raising the issue. The facts involved are agreed, as is indicated by the briefs submitted by each party and the Industrial Commission opinions previously mentioned.

The agreed facts are essentially the following: The plaintiff in this matter alleges that he was injured on the job through the negligence of his employer, the defendant herein. At the time of the injury the defendant herein was not subject to the Virginia Workers' Compensation Act due to insufficient number of employees and had not voluntarily elected to be bound by the Act under Code of Virginia, 1950, as amended, § 65.1-28. Plaintiff herein sought and obtained an award of compensation in the Industrial Commission from Fairmac Realty Corporation which was determined to be plaintiff's "statutory employer" under § 65.1-29. Defendant herein was a subcontractor

for Fairmac engaged in work which was a part of Fairmac's trade, business or occupation.

Defendant asserts that plaintiff's legal cause of action is barred by plaintiff's award from the Industrial Commission, relying on Code of Virginia, 1950, as amended, Section 65.1-40. Section 65.1-40 provides in pertinent part that "the rights and remedies herein granted to an employee *when he and his employer* have accepted the provisions of this Act. . . shall exclude all other rights." [Emphasis added]. In the case before the Court the plaintiff in fact accepted the provisions of the Act by accepting the award of the Industrial Commission; the defendant clearly has not accepted the provisions of the Act, but Fairmac, the plaintiff's "statutory employer," has accepted such provisions. Were § 65.1-40 the only provision involved herein, the Court's decision would be quite difficult. However, the Court is of the opinion that § 65.1-103 tips the scales in defendant's favor. Section 65.1-103 provides that:

> Every employer subject to the compensation provisions of this Act shall insure the payment of compensation to his employees in the manner hereinafter provided. While such insurance remains in force he *or those conducting his business* shall only be liable to an employee for personal injury or death by accident to the extent and in the manner herein specified.
>
> As used in this section, the words "those conducting his business" shall not be deemed to include any person whose act or acts resulting in an injury, loss of service or death compensable under this Act do not arise out of and in the course of employment by an employer who is or may be liable for the payment of such compensation. In such cases, the person whose acts result in such injury, loss of service or death shall be deemed an *"other party"* within the meaning of § 65.1-41. [Emphasis added]

The Court is satisfied that the defendant herein falls within the category of "those conducting his business" rather than the "other party" category. Plaintiff is therefore limited to the benefits under the Act and is not entitled to pursue common law remedies.